R. H. PAUL, *Plaintiff in Error,* v. COMMERCIAL BANK OF OCALA, *Defendant in Error.*

## Opinion Filed July 1, 1913.

1. In an action at law the judgment should adjudicate the issues made by the pleadings.

2. Where there is an issue as to whether a person is a member of a partnership and liable as such, a judgment merely awarding damages against the partnership name, the members thereof not being mentioned, may be reversed on a writ of error prosecuted by the party whose liability as a partner was at issue and undetermined in the cause.

Writ of error to Circuit Court of Marion County; W. S. Bullock Judge.

Judgment reversed.

*Axtell & Rinehart,* for Plaintiff in error;

*H. M. Hampton* and *Wm. Hocker,* for Defendant in error.

PER CURIAM—The bank brought an action against "R. H. Paul, W. J. Hillman, S. A. Rawls, C. M. Sweat and F. L. Sweat, as late partners formerly doing business under the name and style of S. A. Rawls & Company" on a promissory note signed by S. A. Rawls & Co. Service of process was had on R. H. Paul alone. W. J. Hillman and S. A. Rawls appeared and pleaded. C. M. Sweat and F. L. Sweat were not served and did not appear. The action was dismissed as to Hillman upon the theory that he was not a partner and was not liable.

The real issue in the cause was upon the plea of R. H. Paul that he was never a member of the firm of S. A. Rawls & Company, and liable on the note.

A verdict "for the plaintiff" was returned and the following judgment was rendered in the cause:

"It is therefore ordered, adjudged and decreed that the plaintiff, the said Commercial Bank of Ocala, do have and recover of and from the said defendant, S. A. Rawls & Co., the sum of one thousand dollars, damages, with the sum of one hundred sixty-five dollars as interest, and the further sum of one hundred dollars, as attorney's fees, together with the further sum of $——— taxed as cost in their behalf in this suit, and that execution do issue therefor, according to law."

R. H. Paul took a writ of error in the name of himself and S. A. Rawls and had summons and severance as to S. A. Rawls.

A number of contentions are made hereon rulings of the trial court as to the admissibility of evidence as well as an insistance that a motion for a verdict for the defendant Paul should have been granted. The judgment does not adjudicate the issue made by the pleadings. See Baker & Holmes Co. v. Indian River Bank, 61 Fla. 106.

Under the peculiar circumstances of this case the irregularity of not naming the members of the firm against which the judgment purports to be rendered, makes it proper to reverse the judgment. The real issue in the cause being whether Paul was a partner and liable on the note in controversy, the judgment should at least identify Paul as a member of the firm, there being no specific finding in the record that Paul was a member of the firm and liable on the note, even if such a finding would aid the judgment as rendered here.

While it cannot be said that the court erred in refusing to direct a verdict for the defendant Paul, justice will be subserved by granting a new trial that appropriate proceedings may be observed in adjudicating the questions here involved.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.