R. H. PAUL, *Plaintiff in Error*, v. COMMERCIAL BANK OF OCALA, A CORPORATION, *Defendant in Error*.

## Opinion Filed February 3, 1915.

1. All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon the former writ of error, and consequently were not before the appellate court for adjudication.

2. A judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided.

3. The trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will be interfered with by an appellate court only when clearly abused.

4. Where no argument is made concerning errors which have been assigned, such errors will be deemed and treated as abandoned.

5. Where an action at law has been brought against several defendants and the evidence adduced at the trial fails to establish the liability of one of the defendants, the trial court may dismiss the action as to such defendant for the reason that there has been a misjoinder of such defendant, in accordance with the provisions of Section 1372 of the General Statutes of Florida.

6. A verdict for the defendant should never be directed by the court, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of

fact to be determined by .them, and not taken from the jury and passed upon by the court as a question of law.

Writ of Error to Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*L. N. Green* and *Axtell & Rinehart,* for Plaintiff in Error.

*H. M. Hampton* and *Wm. Hocker,* for Defendant in Error.

SHACKLEFORD, J.—For the second time R. H. Paul brings here for review a judgment recovered against him by the Commercial Bank of Ocala, a corporation. The opinion which we rendered upon the former writ of error will be found in 66 Fla. 83, 63 South. Rep. 265. As stated therein, the bank brought an action against "R. H. Paul, W. J. Hilman, S. A. Rawls, C. M. Sweat, and F. L. Sweat, as late partners, formerly doing business under the name and style of S. A. Rawls & Company" on a promissory note signed by S. A. Rawls & Co. Service of process was had on R. H. Paul alone. W. J. Hillman and S. A. Rawls appeared and pleaded. C. M. Sweat and F. L Sweat were not served and did not appear. The action was dismissed as to Hillman upon the theory that he was not a partner and was not liable.

As we further stated therein, "the real isue in the cause was upon the plea of R. H. Paul that he was never a member of the firm of S. A. Rawls & Company, and liable on the note." As we also stated, "a verdict 'for the plaintiff' was returned," upon which a judgment was rendered and entered, which we copied in full. This

judgment we reversed for the reason that it failed to ad-
judicate the issue made by the pleadings. We said that,
"Under the peculiar circumstances of this case the ir-
regularity of not naming the members of the firm against
which the judgment purports to be rendered, makes it
proper to reverse the judgment. The real issue in the
cause being whether Paul was a partner and liable on the
note in controversy, the judgment should at least identify
Paul as a member of the firm, there being no specific
finding in the record that Paul was a member of the
firm and liable on the note, even if such a finding would
aid the judgment as rendered here."

After the mandate had gone down, the pleadings re-
maining unchanged, the issue, which was stated in our
former opinion, was submitted to another jury for de-
termination and the following verdict was returned:
"We, the jury, find for the plaintiff, and we find also that
Mr. R. H. Paul was a member of the firm of S. A. Rawls
& Co., and we assess the plaintiff's damages at One
thousand two hundred ninety-six ($1,296.00) Dollars as
principal and interest, and also One Hundred ($100)
Dollars as attorney's fees. So say we all."

Upon this verdict the following judgment was re-
turned: "It is therefore considered and ordered by the
court, that the plaintiff, the Commercial Bank of Ocala,
a corporation under the laws of the State of Florida, do
have and recover of and from the defendant R. H. Paul as
surviving partner of the firm of S. A. Rawls & Company,
the sum of twelve hundred and ninety-six dollars as prin-
cipal ($1,296.00) and one hundred dollars as attorney's
fees, total thirteen hundred and ninety-six ($1,396.00)
Dollars, together with the costs of this suit, taxed

at $9.52-100 dollars, for which let execution issue. And the defendant in mercy, etc."

Prior to the second trial a suggestion was filed of the death of S. A. Rawls, one of the defendants, who had filed a plea to the effect that the note which formed the basis of the action was "the note of S. A. Rawls & Company."

Before taking up for consideration any of the errors assigned we think it advisable to dispose of a contention made by the defendant in error. After referring to the former opinion rendered by us he states in his brief that "this court decided that the form of the judgment which the Commercial Bank had then recovered was defective, and the bank has now recovered a similar judgment upon exactly the same evidence as was submitted at the former trial," by reason whereof it is contended: "It would, therefore, seem that the court now need only consider the form of the verdict, and the form of the judgment as now entered, and the charge of the court which was not assailed in the former trial; and all of the assignments of error now made, which are not based on the charge of the court, or the form of the judgment, or verdict, would not seem to be now open for consideration."

In other words, the principle of what is known as the law of the case is invoked as being decisive of the points presented on this writ of error. It is undoubtedly true, as we have frequently held: "All the points ad judicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon

the former writ of error, and consequently were not before the appellate court for adjudication." See Florida East Coast Railway Co. v. Geiger, 66 Fla. 582, 64 South. Rep. 238. It is also further true, as we held in the cited case, "A judgment of reversal is not necesarily an adjudication by the appellate court of any other than the questions in terms discussed and decided." See the excerpt, which was quoted with approval therein, from the opinion rendered by Mr. Justice Brewer in Mutual Life Ins. Co. v. Hill, 193 U. S. 551, text 553, 24 Sup. Ct. Rep. 538. It is important then, to bear in mind just what points were discussed and decided in the opinion rendered on the former writ of error. It clearly appears in such opinion that, after stating what the real issue was, as made by the pleadings, we discussed and decided only two points, first, that the judgment failed to adjudicate such issue, for which reason we reversed the judgment, and, second, that we could not say that the trial court erred in refusing to direct a verdict for the defendant Paul. We stated that a number of contentions were made as to the rulings of the court as to the admissibility of evidence, but we did not even set forth such rulings of which complaint was made, much less discuss them or determine their correctness. It necessarily follows that this contention of the defendant in error has not been sustained.

The first assignment is that "the court erred in admitting in evidence the note sued on in this case." We find the ground of objection urged against the introduction of this note was "that there was no proof that R. H. Paul in anywise authorized the signature of S. A. Rawls & Co. as binding him as a member of that partnership." Even if we were to concede that no such proof had been adduced, that of itself would not render the note inadmissible. The testimony of S. A. Rawls, the first witness

introduced on behalf of the plaintiff, which was prior to the proffer of the note, was to the effect that a co-partnership had existed for several years under the name of S. A. Rawls & Company, of which S. A. Rawls, R. H. Paul and others were members, that different notes had been executed from time to time in the due course of business by such co-partnership and that S. A. Rawls had executed the note in question in the name of such co-partnership. Even if the testimony previously adduced had been to the effect that such copartnership had been dissolved prior to the execution of such note, as would seem to have been the case, that would not render the note inadmissible. We find that, prior to the proffer of the note, the plaintiff had also introduced as a witness Dr. J. C. Boozer, who had testified as follows:

"My name is Dr. J. C. Boozer, I am President of the Commercial Bank of Ocala, which position I have held for three years. I held the position of Assistant Manager of the Commercial of Jacksonville when it was doing a branch business in Ocala, and in that position I had connection with the making of loans and discounts. The Commercial Bank as a branch of the Jacksonville Commercial Bank operated here in Ocala until January, 1911. As Manager of the Commercial Bank, Branch of the Jacksonville Commercial Bank, during the years 1909 and 1910, I had business transactions or relations with S. A. Rawls & Company. We had occasions to make loans or discount paper for them during this time. This is a note that S. A. Rawls gave in settlement of a renewal of a note, I think, that Marion Farms had made to the Bank, saying that Marion Farms was going out of business and they wanted to settle up with S. A. Rawls & Company notes. So an original note, of which that is a renewal note, was executed, reading Marion Farms to the

Commercial Bank and endorsed by S. A. Rawls & Co. By endorsement I mean the name was just written across the back of it as guarantee for the payment of it, that is, the name S. A. Rawls & Co., was written across the back of the Marion Farms paper. That is the customary means of making the endorsement. I have not the original note of which this is a renewal in the possession of the bank; they were turned over to the parties making them.

Thereupon the defendant R. H. Paul, by his attorney, moved to strike the testimony of the witness that the original note from Marion Farms to the Commercial Bank bore the endorsement 'S. A. Rawls & Co.' on the ground that it is not the best evidence; that the endorsement is a contract in writing and that the best evidence would be the writing itself, and the absence of the original has not been sufficiently accounted for.

Which motion the court denied, to which ruling R. H. Paul, by his counsel, did then and there except.

The said witness, continuing, testified as follows:

This note for which this is a renewal, was given by Marion Farms, and that note given by Marion Farms had as an endorsement on it 'S. A. Rawls & Co.' "

Then it was that the note was offered in evidence. S. A. Rawls had also further testified that Marion Farms was a corporation in which the copartnership of S. A. Rawls & Company owned considerable stock and that the business relations of such copartnership and corporation were of the closest and most intimate character, various details of which were given. We feel that we are also warranted in stating that the testimony at least tended

to show that R. H. Paul knew of the execution of such note, even if he never authorized or consented to it. As we have frequently held, the trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will be interfered with by an appellate court only when clearly abused. Atlantic Coast Line R. R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318. This assignment has not been sustained.

As we have previously stated, S. A. Rawls had departed this life prior to the second trial, so the plaintiff offered his testimony as set out in the bill of exceptions taken at the former trial. Objections were interposed by the defendant to certain portions of the testimony of S. A. Rawls, which were overruled and which rulings form the basis for the second and third assignments. As neither of these assignments is argued or insisted upon, not even referred to in his brief, we must hold under our repeated rulings that such assignments have been abandoned by the plaintiff in error. See Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656, and Tampa Electric Co. v. Charles, decided here at the present term. This is likewise true of the fourth assignment, which is based upon the refusal of the court to strike out certain specified portions of the testimony of Z. C. Chambliss, a witness introduced by the plaintiff. We are warranted, therefore, in assuming that such rulings of the trial court were correct and in considering such evidence as we find it incorporated in the bill of exceptions.

The next assignment argued is the fifth, which is that "the court erred in refusing motion of defendant R. H. Paul, at the close of plaintiff's case, for instruction to the jury to find a verdict for the defendant." This error

was assigned upon the former writ of error and we held, as we have previously stated, that "it cannot be said that the court erred in refusing to direct a verdict for the defendant Paul." While there are some differences in the evidence offered by the plaintiff at the two trials, it undoubtedly made as strong a showing at the second trial as at the first, so it may well be said that our former holding has become the law of the case. Even if this principle cannot be said to be applicable or controlling, it is obvious from what we said above, in discussing the first assignment, concerning the evidence adduced for the plaintiff, that we do not think such affirmative charge for the defendant should have been given, therefore this assignment falls.

The sixth assignment is that "the court erred in refusing motion of defendant R. H. Paul, at the close of the plaintiff's case, to dismiss the case." We find that this motion was based upon the following grounds:

"That it appears that the declaration counts upon the contract alleged to have been entered into by a partnership composed of five persons named in the declaration; and no sufficient showing has been made to excuse the plaintiff from bringing before the Court all the members of said partnership.

2. Because the liability of co-partners is a joint liability and not a several one, and it appears to the Court that this cause was dismissed as to the defendant W. J. Hillman and it would, therefore, be error to enter judgment against defendant R. H. Paul in this cause at the present state of the record."

As to the first ground of the motion, it is sufficient to

say that all of the defendants were declared against as co-partners and section 1404 of the General Statutes of Florida expressly provides that in an action against several persons composing a mercantile or other firm the service of process on any one member thereof shall be as valid as if served upon each individual member thereof. As to the second ground, it having developed during the trial that W. J. Hillman was not liable as a member of such copartnership, upon motion of his counsel said cause was dismissed as to him, but we fail to see wherein the defendant Paul was thereby harmed or has any ground of complaint. It does not appear from the bill of exceptions that the defendant Paul objected to such ruling or excepted thereto. He did not seek to have the pleadings amended in any way. The trial court would seem to have proceeded under Section 1372 of the General Statutes of Florida. No assignment of error is predicated upon the ruling of the court in dismissing the action as to Hillman. We have examined the authorities cited by the plaintiff in behalf of this assignment and are of the opinion that they fail to lend him support in his contention. We fully approve of our holding in Rentz v. Live Oak Bank, 61 Fla. 403, 55 South. Rep. 856, cited by the plaintiff in error, as is also the case of Hale v. Crowell, 2 Fla. 534, 50 Amer. Dec. 301, but do not think that they sustain this assignment. The principles enunciated in the cited cases must be considered in connection with the pleadings and facts shown therein which are variant from those in the instant case. The evidence adduced therein having failed to establish any liability on the part of Hillman, it was proper to dismiss as to him. As Paul, Hillman and Rawls were the only defendants who had appeared and pleaded, and Rawls hav

ing departed this life and the action having been dis-missed as to Hillman, we fail to see why judgment could not be entered against Paul as surviving partner of the firm of S. A. Rawls & Company, as was done, if the evidence warranted it.

The seventh assignment is that "the court erred in denying the motion of R. H. Paul, at the close of the case, for an instruction to the jury to find a verdict for the defendant." We are clear that no error was committed here. We have frequently had occasion to discuss the principles governing the direction of a verdict. See Southern Express Company v. Williamson, 66 Fla. 286, 63 South. Rep. 433, wherein we held as follows: "A verdict for the defendant should never be directed by the court, unless it is clear that there is no evidence what-ever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law."

The eighth, ninth and tenth assignments are based upon the refusal of the trial court to give certain instruc-tions requested by the defendant. These assignments are not strenuously urged before us. It is sufficient to say that we have examined them and no error is made to appear to us in their refusal.

The eleventh and last assignment is based upon the overruling of the motion for a new trial. Suffice it to say that we have examined the grounds of this motion

which are argued before us and have failed to find any reversible error in the ruling denying such motion.

The judgment must be affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.

## ON APPLICATION FOR REHEARING.

### Denied March 24, 1915.

PER CURIAM.—In an application for a rehearing it is suggested that "the judgment, if any, should have been against all of the parties who are not shown by the record to have been lawfully excluded; that there is no showing in the record for the exclusion of C. M. Sweat and F. L. Sweat, and W. J. Hillman was dismissed by the court;" that there was "a fatal variance between the declaration and the proofs and entitled all the defendants to be dismissed." Section 1607 of the General Statutes of 1906, provides that "where suit is brought against two or more defendants, and the summons is served on one or more, but not on all, and the sheriff returns that the defendant not served does not reside in the county, the plaintiff may proceed against the defendant served, noting the fact of non-service on the absent defendant, and if he recover judgment, it may be entered up against the defendant served, noting the fact of non-service as aforesaid, which may be enforced against the property of the defendant against whom the judgment is entered, and the joint property of the defendants named in the writ."

The return on the summons is that it was served on R. H. Paul and was unexecuted as to C. M. Sweat and F.

L. Sweat and that "neither of said defendants reside in Marion County." Under the above statute "the plaintiff may proceed against the defendant served, noting the fact of non-service on the absent defendant." The sheriff's return is a sufficient notation of non-service. See Bacon v. Green, 36 Fla. 325, text 353, 18 South. Rep. 870. See also Sec. 1404, Gen. Stats. 1906; Nathan v. Thomas, 63 Fla. 235, 58 South. Rep. 247; Thomas v. Nathan, 65 Fla. 386, 62 South. Rep. 206; Camp v. First Nat. Bank of Ocala, 44 Fla. 497, 33 South. Rep. 241, 103 Am. St. Rep. 173.

Under sections 1371 and 1372 General Statutes of 1906, W. J. Hillman, being in effect admitted to be not liable, was properly dismissed as a joint defendant, and such dismissal was in effect an amendment of the declaration. S. A. Rawls is shown to have died. No material departure is apparent in the pleadings of which Paul may complain, he having joined issue on the replication without testing it by demurrer or otherwise. The issues made by the pleadings were fully submitted to the jury; and their specific finding for the plaintiff and "that Mr. R. H. Paul was a member of the firm of S. A. Rawls and Company" is not clearly wrong on the evidence. No error is assigned on the form of the judgment, and no fatal defect is apparent therein.

A rehearing is denied.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL, WHITFIELD AND ELLIS, JJ., concur.