FRANK D. SANDERS, FRANK R. POU AND GEORGE H. HINRICHS, CONSTITUTING THE BOARD OF COMMISSIONERS OF THE CITY OF PENSACOLA, *Plaintiffs in Error*, v. STATE *ex rel.* J. HERRON D'ALEMBERTE, DUDLEY R. SAUNDERS AND WILLIAM L. MOYER, *Defendants in Error*.

Opinion Filed December 20, 1921.

Petition for Rehearing Denied January 17, 1922.

1. All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration.

2. Where it appears from the record and the opinion of the court that a certain conclusion upon a material question involved is inevitable and except for such conclusions the judgment would have been otherwise, such question will of necessity be held to be adjudicated by the court although such conclusion is not stated in express words.

A Writ of Error to the Circuit Court for Escambia County; A. G. Campbell, Judge.

Affirmed.

*John B. Jones* and *John S. Beard,* for Plaintiffs in Error;

*E. C. Maxwell* and *Sullivan & Sullivan,* for Defendants in Error.

WEST, J.—This is the second time this case has reached this court (State *ex rel.* D'Alemberte v. Saunders, 79 Fla. 835, 85 South. Rep. 333). On the former writ of error it was held that Chapter 6940, Acts of 1915, authorizing cities and towns to amend their charters and to adopt charters for their government, did not repeal Section 40 of Chapter 6746, Acts of 1913, relating to the City of Pensacola under which relators and their associate petitioners proceeded, upon the theory that the former statute was intended to confer upon municipalities power to amend their charters, whereas the designated section of the latter statute confers upon the City of Pensacola power to put off or abandon one form of government and assume another form of government formerly possessed by it. Generally it was held that the order sustaining the demurrer to and dismissing the alternative writ was error.

The cause was remanded and respondents answered. Whereupon relators moved the court for a peremptory writ of mandamus upon the ground that the amended answer filed set up no defense to the action and averred no facts in bar of the writ. This motion was granted and a peremptory writ was issued. To review this judgment respondents took writ of error.

The principal contention now is that there was irregu-
larity and error in the proceeding of the petitioners under
Section 40 of Chapter 6746, Acts of 1913, which are fatal
to relator's case in that their petition for an election to
determine whether the City of Pensacola should abandon
its present form of government and assume its former
aldermanic form of government was filed and deposited
with the Clerk of the Circuit Court of the County of
Escambia and not filed with the City Commissioners of the
City of Pensacola. The allegations of the alternative writ
upon this point with the exhibit attached to and made a
part of the writ are as follows: "That on the 31st day
of July, A. D. 1919, the said petition was duly filed with
James Macgibbon, who then was and now is the duly
elected qualified and acting Clerk of the Circuit Court of
Escambia County, Florida, who thereupon examined into
the qualifications of the signers of said petition, and ascer-
tained that it contained the requisite number of qualified
electors to call said election, and thereupon on the 28th
day of October, A. D. 1919, certified said fact to the Board
of Commissioners of said City of Pensacola, a copy of
which certificate is hereto attached, marked "A" and
made a part hereof."

"Office of Clerk of Circuit Court,

"Escambia County, Jas. Macgibbon, Clerk.

"Pensacola, Fla., Oct. 27, 1919.

"To the Board of Commissioners of the City of Pensa-
cola, Florida, and Frank D. Saunders, Frank R. Pou
and Geo. H. Hinrichs, Commissioners constituting
said Board.

"I, James Macgibbon, Clerk of the Circuit Court of
Escambia County, Florida, do hereby certify that on the
31st day of July, A. D. 1919, there was filed with me as

such Clerk, a petition of qualified electors of the City of Pensacola, Florida, asking that a special election be called by the Board of Commissioners of the City of Pensacola, Florida, at which the following proposition shall be sub-mitted: 'Shall the City of Pensacola abandon its organization under the provisions of law providing a commission form of government, and assume its former aldermanic form of government?' That I, as Clerk as aforesaid, have examined into the qualifications of the signers of said petition, and that the said petition as filed, as aforesaid contained and contains, the names of the requisite number of qualified electors to call said election; that said petition was signed by seven hundred and twenty-six of the voters who were qualified to vote for commissioners at the last preceding city election, held in said city, which was the election held therein on the 2nd day of June, A. D. 1919, and was signed by more than twenty per cent. of the whole number of voters qualified to vote at said election who numbered 3,527, that each of the signers of said petition had added after his name, and opposite thereto, his residence address.

"In Witness Whereof, I have hereunto set my hand and official seal this 27th day of October, A. D. 1919.

"JAS. MACGIBBON,
"Clerk of the Circuit Court of Escambia County, Fla."

The whole of the amended answer, omitting formal parts, is as follows:

"1. That prior to the issuance of said alternative writ of mandamus no petition was filed with said respondents in conformity with the provisions of Section 40 of Chapter 6746, and the only petition for the calling of an election as provided for by said Section 40 of which said respondents have any knowledge is the petition certified to

by James Macgibbon, Clerk of the Circuit Court of Escambia County, Florida, by his several certificates dated August 6, 1919, August 15, 1919, and October 27, 1919, respectively, and hereinafter set forth and respondents allege that the filing with said Clerk of the petition a copy of which is purported to be attached and referred to by said certificates, and said Clerk's determination of the sufficiency of said petition, as shown by said certificates, was not authorized by or in compliance with the requirements of said Section 40, and that the filing of said purported copy of said petition with said Clerk and his action in reference thereto as shown by his said certificates did not make it the duty of said respondents to call the special election provided for by said Section 40.

''2.    That said purported copy of said petition hereto attached as part hereof and marked Exhibit 3 was filed with said respondent F. D. Saunders, one of said Commissioners and Mayor of said City on August 6, 1919, and there was attached to said copy of said petition the certificate of said Clerk of the Circuit Court which is hereto attached marked Exhibit No. 1; that on August 15, 1919, said Clerk of the Circuit Court filed with said respondent Frank D. Saunders another certificate which is hereto attached as part hereof and marked Exhibit 2; and thereafter on the 27th day of October, 1919, said Clerk filed with said F. D. Saunders the certificate that is set forth and mentioned in said alternative writ of mandamus as Exhibit 'A;' and said respondents alleged that the certified copy of petition marked Exhibit 3 is the only petition or copy of any petition for the calling of the election provided for by said Section 40 that was filed with or submitted to said respondents or any of them, and that said purported and certified copy of petition is the same peti-

tion that is referred to and mentioned in each and all said certificates of said Clerk of the Circuit Court; and respondents allege that said original petition was never filed with or submitted to said respondents or any of them by said Clerk of the Circuit Court or by any other official or person whomsoever; and respondents have no knowledge of any such petition being filed with said Clerk other than the petition of which Exhibit 3 attached hereto purports to be a copy."

Stripped of unnecessary verbiage and eliminating immaterial averments, the answer contains nothing substantially different from the alternative writ wherein, as we have seen, it is expressly alleged that the petition was filed in the office of the Clerk of the Circuit Court of Escambia County and that thereupon the Clerk ascertained that it contained the requisite number of qualified petitioners and certified such fact to the City Commissioners. According to the allegations of the alternative writ the certificate of the Clerk of the Circuit Court which is made the basis of this case was made October 28, A. D. 1919. The several other certificates of the Clerk of the Circuit Court mentioned in the amended answer antedate this certificate. This being true, such former certificates or defects or irregularities in them or proceedings certified by them become entirely immaterial.

The defense sought to be set up by the amended answer raises the question of the proper place for filing the petition in a proceeding under Section 40 of the statute which is a preliminary essential to the calling of an election under this section of the statute. This is a question of law. It is averred that the petition in this case was not filed with the City Commissioners, who are the respondents, and in the briefs it is contended and upon oral argument it

was urged that a proper reading and interpretation of the entire statute requires petitions for elections under this section to be filed with the City Commissioners. The answer does not deny that such petition was filed with the Clerk of the Circuit Court of Escambia County as alleged in the alternative writ. Neither does it expressly deny that the petition on file in the office of the Clerk of the Circuit Court is in form and substance such as the statute requires. The certificate of the Clerk furnished respondents, copy of which was made a part of the alternative writ and reproduced in this opinion, indicates substantial compliance with the requirements of the statute by him. However, the conclusion reached by the court renders it unnecessary to discuss the provisions of the statute which might be regarded as pertinent to this inquiry.

On the former writ of error the alternative writ was held to be good as against the demurrer. The demurrer presented the point of law which is now conceded to be the controlling question in this case. The alternative writ, as shown by the quoted paragraph, alleges that the petition for the election was filed with the Clerk of the Circuit Court of Escambia County. On the former writ of error the contention that this allegation rendered the alternative writ fatally defective was especially stressed. In holding the alternative writ not amenable to the demurrer the court necessarily decided the question now presented. Not only was the question presented by the record, but an alleged omission to consider it was one of the grounds of the petition filed in the case for a rehearing. This application, after due consideration, was denied. If this court had not been of the opinion then that a proper interpretation of the applicable provision of the statute required the filing of such petition with the Clerk of the Circuit

Court of Escambia County it of necessity would have found the alternative writ fatally defective because of the allegation contained in it that petition was so filed and would have affirmed the order sustaining the demurrer and dismissing the alternative writ. The point is not discussed in the former opinion but the conclusion is inescapable that in reversing the judgment sustaining the demurrer the court held that it appeared from the allegations of the alternative writ that petitioners were, with respect to this question, proceeding in conformity with the terms of the statute. Under the established rule that all points adjudicated by an appellate court upon writ of error or appeal become the law of the case and are no longer open for discussion or consideration (Harper Piano Co. v. S. A. L. Ry. Co., 65 Fla. 490, 62 South. Rep. 482; Pervis v. Frink, 61 Fla. 712, 54 South. Rep. 862; Fidelity & Deposit Co. of Maryland v. Aultman, 61 Fla. 197, 55 South. Rep. 273; McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910; Valdosta Mercantile Co. v. White, 56 Fla. 704, 47 South. Rep. 961; Hoodless v. Jernigan, 51 Fla. 211, 41 South. Rep. 194) the question here presented was foreclosed on the former writ of error and is not now open for consideration. So the judgment will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.