**W. C. ROGERS, et al., as Members of the Board of Public Instruction of Gilchrist County, Florida, et al., v. STATE EX REL. BOARD OF PUBLIC INSTRUCTION OF ALACHUA COUNTY FLORIDA, et al.**

23 So. (2nd) 154
September 7, 1945

June Term, 1945
Special Division A

*Charles Cook Howell, Howell, McCarthy, Lane & Howell,* for appellants.

*Baxter & Clayton, Zach H. Douglas,* for appellees.

BUFORD, J.:

This is the second appearance of this case here. See Board of Public Instruction of Gilchrist County, et al. v. Board of Public Instruction of Alachua County, et al., 155 Fla. 79, 19 So. (2nd) 576.

Our conclusion is that practically all matters presented on this appeal were settled and determined by our opinion and judgment on the former appeal. In that opinion and judgment we affirmed the opinion and judgment of the lower court awarding peremptory writ of mandamus. Nothing is presented here which we think warrants us in departing from our opinion and judgment in that case which became the law of the case insofar as it determined all the issues which were presented, or which might have been presented at that time.

See Sanders v. State, 82 Fla. 498, 90 So. 455. See also 5 C.J.S. Sec. 1832, wherein it said:

"Questions necessarily involved in the decision on a former appeal will be regarded as the law of the case on a subsequent appeal although the questions are not expressly treated in the opinion of the Court, as the presumption is that all the facts in the case bearing on the points decided have received due consideration whether all or none of them are mentioned in the opinion. The records on a former appeal may be looked into for the purpose of ascertaining what facts and questions were then before the court . . . "—Also see Paul v. Commercial Bank of Ocala 69 Fla. 62, 68 So. 68; F.E.C. Ry. Co. v. Geoger, 66 Fla. 582, 64 So. 238.

The only questions which are presented by this appeal and which were not before the court in the former appeal result from the order of the court below entered March 20, 1945, in which order the court provided for a spread of the tax to pay the adjudged indebtedness over a period of fifteen (15) years and at the same time amended the writs so as to

make them apply to the fiscal year 1945-1946 to avoid chaos in tax collections, the original writ having applied to the year 1944-1945, and also provided that the writ should run against recently elected county officials instead of their predecessors in office.

Appellants contentions in regard to these amendments are not tenable.

On authority of our opinion and judgment on the former appeal, and after full consideration of the contentions made upon this appeal the orders and judgments appealed from are now affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and BROWN, JJ., concur.