GILLIS, Associate Justice.
This is the second appearance of this case here. See Mercury Cab Owners’ Association v. Jones, Fla., 79 So.2d 782.
Appellant on June 1, 1953, filed her amended complaint against appellee here (hereinafter referred to as the Association) and two individuals seeking recovery of damages alleged to have been sustained in an automobile collision. Jury trial was had and in due course resulted in a verdict in favor of the plaintiff against the two individual defendants but in favor of the defendant Association.
At the conclusion of the trial the appellant filed four motions, all on the same day: (a) for judgment in her favor against the Association under Rule 41(d)*; (b) for judgment against the association notwithstanding the verdict; (c) for summary judgment against the Association, and, (d) (as alternative to (a) and (b)) for a new trial “on the issue only of whether Mercury Cab Owners' Association exercised or asserted sufficient dominion and control over the taxicab involved as to be legally responsible ”
The motions coming on to be heard the trial court granted that for judgment under Rule 41(d) reciting in his order that he found it unnecessary to rule on the other three, whereupon judgment was entered against the Association as well as against the two individuals, from which the Association alone prosecuted its appeal which was disposed of by an unqualified reversal, not a remand, on the theory that the question of the Association’s liability was for the jury, the opinion containing a discussion of the evidence. Petition for rehearing was denied on May 17, 1955.
Notwithstanding the apparent finality of the reversal the trial court, as appears by the Supplementary Transcript, entertained and pursuant to our mandate denied appellant’s motion for a new trial and there *30 upon entered judgment in accordance with the verdicts from which she entered this appeal, the occasion for this second appearance before us of the controversy.
Of particular importance in our consideration of the case is the appearance in the original transcript at page 347 of the direction by appellant, appellee there, to include therein her motion for a new trial as to the Association appearing in full on pages 331-342, it being noteworthy that of the fourteen errors assigned by appellant on this appeal, those numbered 2-13, inclusive, are the same as numbers 14 — 25, inclusive, of the post-trial motion for a new trial and relate solely to charges to the jury, all of which warrants the presumption that in our review of the case on its first appearance we had the benefit of counsel’s argument not only as to the weight and sufficiency of the evidence but of the property of the court’s charges to tlie jury as well.
Of equal, if not greater, importance, however, is the fact that in the petition for rehearing — denied as already observed-devoted chiefly to a discussion of the evidence, counsel suggested that we had overlooked certain phases of the evidence or had committed error in the opinion regarding the proof and prayed for a reconsideration but as an alternative that if the opinion should be adhered to that it be clarified “leaving the trial court free to consider the other post-trial motions pending, including a motion for a new trial” thereby indicating the view on their part, with which we are in. accord, that the original opinion constituted a final disposition of the case as an adjudication of the rights and responsibilities of the parties.
In face of the record we find ourselves -unable to agree with all the implications ■of counsel’s statement in their brief that their summary of the evidence was “to •correct the apparent misapprehensions of this Court which appear in the opinion reported * * *.” As to counsel’s assumption that the qualification “under a correct and appropriate charge * * * on the applicable law” is implicit in the opinion, it may be as well to say that equally implicit is the assumption that this Court did not overlook or disregard any phase of the case, particularly that here stressed, presented by appellant and made available for argument by inclusion in the original transcript at appellant’s instance.
It is our view, therefore, that the principles of the “law of the case” or of “res judicata” elements of both of which not always clearly distinguishable as between the two are present and should be applied and the judgment accordingly affirmed.
In the case of Rogers v. State ex rel. Board of Public Instruction, 156 Fla. 161, 23 So.2d 154, 155, the second appearance of the case it is said:
“Nothing is presented here which we think warrants us in departing from our opinion and judgment in that case which became the law of the case insofar as it determined all the issues which were presented, or which might have been presented at that time. [Emphasis supplied.] See Sanders v. State [ex rel. D’Alemberte], 82 Fla. 498, 90 So. 455. See also 5 C.J.S., Appeal and Error, § 1832, wherein it is said: ‘Questions necessarily involved in the decision on a former appeal will be regarded as the law of the case on a subsequent appeal, although the questions are not expressly treated in the opinion of the court, as the presumption is that all the facts in the case bearing on the points decided have received due consideration whether all or none of them are mentioned in the opinion. The records on a former appeal may be looked into for the purpose of ascertaining what facts and questions were then before the court * * Also see Paul v. Commercial Bank of Ocala, 69 Fla. 62, 68 So. *31 68; Florida East Coast Ry. Co. v. Geiger, 66 Fla. 582, 64 So. 238.”
The judgment is affirmed.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.

 Now Rules of Civil Procedure, rule 2.8(d), 31 F.S.A.