FERGUSON, Judge.
This appeal is brought from a judgment entered on a jury verdict in a partnership accounting action. The question presented is whether the issue of waiver, submitted to the jury at trial, had been previously decided by the partial summary judgment which was affirmed without an opinion on interlocutory appeal. Stated in other words, the question is whether the judgment finding Tarsches liable necessarily resolved the waiver issue[1] thereby establishing the law of the case.
Trial of the action commenced on the partnership’s (hereinafter Nichols) complaint against a former partner (hereinafter Tarsches) for damages, injunctive relief and declaratory relief. Nichols sought to enjoin the solicitation of partnership clients by Tarsches, and to obtain a declaration that by terms of the Partnership Agreement, Tarsches, as a withdrawing partner, was obligated to compensate the partnership for clients taken by him. In response to the complaint Tarsches filed an answer, affirmative defenses and a counterclaim. As affirmative defenses Tarsches alleged:
10. By their actions or inaction after notice, Plaintiffs have waived any right to object to such notices as may have been sent to various clients of Defendant Tarsches or the partnership.
11. During material times, Plaintiffs embarked upon a course of harassment of Defendant Tarsches designed to force his withdrawal from the partnership. Such actions were wrongful, intentional, outrageous and Plaintiffs are estopped from reaping any benefits from this course of activity.
When Nichols responded with a denial, issue was joined on the affirmative defenses.
Both parties filed motions for summary judgment. By affidavit in support of his own motion for summary judgment and in opposition to Nichols’ motion for summary judgment, Tarsches again averred:
3. On August 30, 1978, Affiant submitted his letter of withdrawal from the partnership effective November 1, 1978, to Wendell I. Nichols, as managing partner. The parties subsequently agreed to *411 waive a 60-day notice requirement and Affiant left the premises on or about September 15, 1978.
4. At meetings taking place in the partnership’s offices on August 30 and September 1, 1978, at which Affiant and Wendell I. Nichols were present, said Wendell I. Nichols and Affiant agreed that the withdrawal would be accomplished harmoniously and without any penalty for the taking of Affiant’s clients.
After a hearing on the motions for summary judgment the trial court entered a judgment which provided in part:
1. The Defendant’s [TARSCHES’] Motion for Summary Judgment is denied.
2. The Plaintiffs’ Alternative Motion for Partial Summary Judgment based upon paragraph 7-7 of the Partnership Agreement is granted, and Summary Judgment is hereby entered in favor of the Plaintiffs and against the Defendant in the amount of $87,086.36, being the amount due the Plaintiffs from the Defendant for the value of partnership clients taken by the Defendant upon his withdrawal of the partnership. Such amount shall, however, be adjusted upwards or downwards, when this cause is finally determined, to reflect such credits as may be due the Defendant pursuant to paragraph 7-5 of the Partnership Agreement as well as to reflect the final determination of the various remaining claims and counterclaims of the parties which have not been determined in this hearing on the cross-Motions for Summary Judgment.
Thereafter, Tarsches filed a motion for rehearing, arguing:
In its order the Court entered summary judgment in favor of Plaintiffs in the amount of $87,086.36. The exact dollar amount has not been established and is not the proper subject of a summary judgment and does not take into account whether or not many of the clients on the list provided by Plaintiffs are in fact chargeable under the formula set forth in paragraph 7-7.
The trial judge then entered an amended order on motions for summary judgment which provided that:
(1) The Defendant’s [TARSCHES’] Motion for Summary Judgment is denied.
(2) The Plaintiffs’ Alternative Motion for Partial Summary Judgment based on paragraph 7-7 of the Partnership Agreement is granted and Summary Judgment is hereby entered in favor of the Plaintiffs and against the Defendant for the value of partnership clients to be determined and calculated in the manner and payable in the time provided for in paragraph 7-7.
Tarsches took an appeal from the summary judgment asserting as points on appeal, (1) “the court erred in finding a contractual provision requiring payment of at least one year’s fees to a former partnership as a condition to doing any accounting work for certain clients did not constitute a restraint from exercising a lawful profession,” and (2) “the court erred in entering a summary judgment where genuine issues of material fact remained” (since the financial penalty of $87,000 [or $29,000 a year] is nearly equal to Tarsches’ average annual income of approximately $32,500 per year for the preceding three years). We affirmed the partial summary judgment. Tarsches v. Nichols, 397 So.2d 785 (Fla. 3d DCA 1981).
On remand for further proceedings, the case was set for jury trial.[2] Pursuant to the court’s instructions, the parties filed a timely joint pretrial stipulation as to the issues to be tried — which did not include any issue of waiver by Nichols as to that part of the Partnership Agreement requiring Tarsches to compensate the partnership for clients taken by him in the event of a withdrawal from the firm. Two days before trial, and belatedly, Tarsches filed, and hand-delivered to Nichols, a unilateral supplemental stipulation adding waiver as an issue to be tried. Nichols voiced an objection to the unilateral stipulation at a pre *412 trial conference, on the ground that the only issue remaining to be determined was the dollar value of the former partnership clients less any set-offs. The objection was sustained. At a charge conference held before the presentation of live testimony, the court retreated from its earlier position and ruled that it would permit testimony, argument and an instruction to the jury on the issue of waiver. Nichols’ objections were, at that time, overruled. The jury returned a zero verdict for Nichols on the complaint, and a $10,000 verdict for Tarsches on his counterclaim.[3]
Waiver was made an issue in the original proceedings by the affirmative defenses, denial of the affirmative defenses, motions for summary judgment and supporting affidavits. The parties’ depositions, which were also considered by the trial court in ruling on the motions for summary judgment, teem with testimony on the issue of waiver. It is clear from the language used in the partial summary judgment that there was nothing left to be decided on Nichols’ complaint but the amount owed to Nichols, which was “to be determined and calculated in the manner and payable in the time provided for in paragraph 7-7.” Further, we think the issues as framed by Tarsches in his interlocutory appeal practically concede that the trial court had disposed of the liability issues raised by Nichols’ complaint and Tarsches’ answer and affirmative defenses, including, of necessity, whether Nichols had waived provision 7-7 of the Partnership Agreement.
In deciding the question presented by this appeal we are guided by Rogers v. State ex rel. Board of Public Instruction of Alachua County, 156 Fla. 161, 23 So.2d 154 (Fla.1945), and have looked, exhaustively, into the record of the prior appeal:
Questions necessarily involved in the decision on a former appeal will be regarded as the law of the case on a subsequent appeal, although the questions are not expressly treated in the opinion of the court, as the presumption is that all the facts in the case bearing on the points decided have received due consideration whether all or none of them are mentioned in the opinion. The records on a former appeal may be looked into for the purpose of ascertaining what facts and questions were then before the court.
Rogers v. State ex rel. Board of Public Instruction of Alachua County, 23 So.2d at 155; see also Greene v. Massey, 384 So.2d 24 (Fla.1980).
We conclude that it was error to submit to the jury, as an issue to be decided, whether the plaintiff by its conduct or action waived the provisions of paragraph 7-7 of the Partnership Agreement. The previous partial summary judgment disposed of that issue in favor of the plaintiff, which judgment is the law of this case.
In light of our decision on the appeal, we need not address the cross-appeal by which Tarsches claims the trial judge erred in striking his demand for attorneys’ fees.
Reversed and remanded for a new trial.

. Appellee contends that there was a waiver of Paragraph 7-7 of the Partnership Agreement, which provides in part:
Withdrawal of Partner But No Retirement If a partner withdraws from the partnership but intends to and does continue the practice of public accounting, either individually or in some arrangement other than as a part of this partnership, it is recognized that such withdrawing partner may take with him certain clients of the partnership for whose business the withdrawing partner shall compensate the remaining active partners. For purposes of determining the business value of each client of the partnership, the partners agree that the valuation of such client shall be the higher of 37 percent of the preceding thirty-six months’ billings or the total billings of the past twelve months.

. The trial judge who entered the partial summary judgment had been transferred to another division when this case came on for further proceedings following the appeal.

. Tarsches’ counterclaim was in three counts. By Count I, he sought an accounting for his interest in the partnership. Count II was based on intentional, wrongful, malicious interference with his right to practice the profession of accountancy. By Count III, Tarsches sought a declaration that paragraph 7-7 restrained him from exercising a lawful profession in violation of state statute, a point also raised by summary judgment motion, and expressly passed upon in entering partial summary judgment for Nichols. It is obvious that the jury could have found against Nichols on its complaint only by finding for Tarsches on the waiver issue.