PER CURIAM.
This cause has had a long and tortuous journey through the courts. See City of Miami Beach v. Buckley, 363 So.2d 360 (Fla. 3d DCA 1978) and City of Miami Beach v. Buckley, 438 So.2d 843 (Fla. 3d DCA 1983). Following the last decision, the matter recurred in the trial court on motions seeking judgment on the pleadings, or in the alternative, for summary judgment. Following review of same, the trial court granted summary judgment in favor of the city (which is now under review.) The summary judgment reads in part as follows:
“The Court finds that the following facts are established and uncontroverted based upon the pleadings, orders and other matters of record:
a. On September 16, 1976 this Court entered a Final Judgment on Verdicts in the original Complaint in eminent domain.
b. On October 5, 1976 this Court by order extended the time for deposit of the amounts specified in the Final Judgment up through October 26, 1976.
c. On October 26, 1976 the City deposited into the Registry the fund required to be paid pursuant to the terms of the *311 Final Judgment and the Clerk executed and filed a Certificate of Payment.
d. On October 1, 1979 this Court entered a Joint Stipulation and Order Re: The Property and Funds. The funds previously deposited in the Registry by the City were disbursed to the Condemnees.
e. On October 19, 1979 Buckley filed her Motion for Leave to File Supplemental Pleadings.
f. On November 8, 1979 the Court entered an order allowing said supplemental pleadings. In those pleadings, Buckley sought interest on the condemnation award or in the alternative a “new trial on value.”
g. On December 22, 1982 the Court entered an order entitled “Altered and Amended Judgment dated November 23, 1982.” Said order awarded Condemnees interest on the original condemnation awards.
h. On November 18, 1983 the City tendered payment in full of the “Altered and Amended Judgment” to counsel for Buckley by check. Said check was tendered with a letter which clearly indicated that it was being tendered as payment in full of the Altered and Amended Judgment. Prior correspondence also indicated that the tender was tendered as payment in full.
i. Said check was endorsed by counsel for Buckley and deposited to the law firm’s trust account.
j. In December 27, 1983 this Court entered an Order Granting Motions in Li-mine and Reserving Rulings. Within said order the Court found the date of taking to be October 1, 1979, the date the funds previously deposited into the Registry by the City were disbursed to the Condemnees. The City petitioned the District Court of Appeals, for Certiorari.
k. On July 10, 1984 the 3rd District Court of Appeal, granted its Writ of Cer-tiorari in which it held that the date of taking was the date of deposit into the Registry of the Court, i.e., October 26, 1976. The mandate to this Court followed in due course. Constitutionality was briefed in the pleadings in the certio-rari proceedings.
CONCLUSIONS OF LAW
Law of the Case
In bringing her Motions before the Court, Buckley contends that the constitutionality of Chapter 73, Florida Statutes was never ruled upon by the Court. While the December 27, 1983 Order of Judge Whitworth states that it reserved ruling on the issue of the constitutionality, the “Constitutional issue” of the validity of Chapter 73, Florida Statutes, as applied to this case, was settled by the District Court of Appeal when it granted its Writ of Certiorari in July of 1984.
In order to reach its opinion, the District Court of Appeal necessarily held the challenged portions of Chapter 73, Florida Statutes Constitutional. It would be impossible to reach the holding that the date of taking was the date of deposit into the Registry, was explicitly held by the District Court of Appeal, within its opinion, without applying the provisions of Chapter 73, Florida Statutes, and implicitly finding them Constitutional. Where it appears from the record and the opinion of the Court that a certain conclusion upon a material question involved is inevitable, and except for such conclusion the judgment would have been otherwise, such question will of necessity be held to be adjudicated by the Court, although such conclusion is not stated in express words. Sanders v. State ex rel. D’Alemberte, 82 Fla. 498, 90 So. 455 (1922). See also, Rogers v. State ex rel. Board of Public Instruction, 156 Fla. 161, 23 So.2d 154 (1945), Goodman v. Olsen, 365 So.2d 393 (Fla. 3d DCA, 1979).
The District Court of Appeal expressly cited the statute, necessarily holding it Constitutional. Further an examination of the briefs reveals that the parties raised the issue of constitutionality. See, Rogers v. State ex rel. Board of Public Instruction, supra. Buckley’s answer to the Order to Show Cause expressly raised an argument that the statutes *312 were being applied in an unconstitutional manner. The City expressly replied to the Constitutional issue raised by Buckley. The District Court of Appeal obviously treated the statutes as Constitutional.
Election of Remedies and Estoppel
In her Supplemental Amendments to Counterclaim, the pleading in which Buckley raised her claims for additional compensation, Buckley asserted two separate theories of recovery, in two separate Counts. One Count, that which was the subject of the instant hearings, is premised upon the theory that the taking did not occur until October of 1979, when the funds deposited by the City into the Court Registry in September 1976 were disbursed. The other theory of recovery, was plead specifically as alternative, and sought interest on the 1976 Final Judgment. These theories are totally inconsistent. The first regards the 1976 Final Judgment as a nullity, the second expressly recognizes its validity and claims interest on it.
The record reflects that the Altered and Amended Judgment was appealed, affirmed, and the full amount of the Judgment, with interest, paid to Buckley. Having elected to pursue and accept the benefits of a judgment premised on the validity of the 1976 Final Judgment, Buckley is deemed to have elected to not pursue the other. In Encore, Inc. v. Olivetti Corporation of America, 326 So.2d 161 (Fla.1976) the court stated:
The election doctrine is founded on the premise that a party should not in the course of litigation be permitted to occupy inconsistent positions. (Citations omitted). Thus, where several inconsistent remedies are available the choice of one necessarily infers an election not to pursue the others (Citations omitted). Id. at p. 163.
In its Altered and Amended Judgment this Court (the Honorable Lewis Whit-worth presiding) stated:
The Court was and is of the opinion that the use of a sum equal to the legal rate of interest from judgment to the completion of the appellate process and distribution of the sum deposited with the Clerk, is the reasonable and practicable way of determining the additional sum which must be paid to meet the constitutional requirement of just compensation. Interest on additional compensation also must be awarded.
Buckley, having sought the Altered and Amended Judgment, and having accepted the benefits of same, is barred by same, and the doctrine of estoppel by judgment, from further litigating points and questions common to both causes of action and which were actually adjudicated. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla.1984).
The facts giving rise to Buckley’s alternative theories of recovery being identical, and the City having paid the Judgment entered on one of those theories, Buckley’s claims have been satisfied.
Constitutionality
At the outset, the Court notes that if Buckley seeks to declare the statute facially invalid, her pleadings are deficient as she has failed to join the Attorney General or give notice to his office in the manner required by law. See, Section 86.091, Florida Statutes, which provides in part:
... If the statute, charter, ordinance, or franchise is alleged to be unconstitutional, the Attorney General or the state attorney of the judicial circuit in which the action is pending shall be served with a copy of the complaint and be entitled to be heard.
However, the Court need not rely on this section in order to decline to hold Chapter 73, Florida Statutes unconstitutional.
Buckley claims that the funds deposited by the condemnor must be immediately available “for the use” of the con-demnees in order to pass Constitutional muster. She argues that by reason of the automatic stay, which came into effect when the City appealed the September 1976 Final Judgment, the funds were *313 not available to the owner and did not become available until October of 1979. This claim clearly is without merit. In State Road Department v. Forehand, 56 So.2d 901 (Fla.1952) the court held that all that is required to meet the Constitutional requirement that funds be "available to the owner” is that adequate procedural devices be available. Former Appellate Rule 5.12 (in effect in 1976) provided a vehicle to obtain relief from the automatic stay. The Rule provided:
Rule 5.12. Supersedeas Bond not Required of the State and its Political Subdivisions and Their Boards, Commissions, etc.; Security when Required
******
(2) Court May Require Bond. — The court may, on motion for good cause shown, require a supersedeas bond or other security, in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal or certiorari.
Coupled with the attorney’s fee provisions of Chapter 73, a simple, procedure, at no cost to Buckley, existed which met the Constitutional requirement. The procedure was not pursued by Buckley. There is nothing meaningful in the record to suggest that a motion in the District Court of Appeal would not have afforded availability of the deposit.”
By her appeal the appellant urges that the trial court committed error in the following rulings or lack thereof. First, the trial court erred in determining that the issue regarding the constitutionality of the taking, and the date thereof, had already been decided by this Court[1] when, as appellant contends, it had been reserved and left undecided below in 1983. Second, appellant asserts that if a constitutional taking occurred in 1976 rather than 1979, then the trial court erred in not requiring the city to reimburse appellant for $12,302.52 in taxes. Third, appellant contends that the trial court erred and abused its discretion in awarding attorneys fees substantially lower than that testified to as being reasonable. Fourth, the trial court erred in limiting compensable time on the constitutional issue to only 40 hours. Fifth, appellant argues, again relating to fees, that where the condemnee and condemnor’s experts agreed to an appellate fee of $10,-000.00 the trial court erred and abused its discretion in reducing such figure to $6,250.00. Sixth, appellant argues that since the awards of money are collectible from the time their right to recovery has been determined, the trial court erred when it failed to award interest from the date from the appellate award. Finally it is urged that the trial court overlooked the mandatory requirement of reimbursing appellant’s reasonable trial costs.
We find no error in any of the points urged for reversal. See, Behm v. Division of Administration, Dept. of Transp., 383 So.2d 216 (Fla.1980); Encore, Inc. v. Olivetti Corp. of America, 326 So.2d 161 (Fla.1976); State Road Dept. v. Forehand, 56 So.2d 901 (Fla.1952); Rogers v. State ex rel. Board of Public Instruction, 156 Fla. 161, 23 So.2d 154 (1945); Sanders v. State ex rel. D’Alemberte, 82 Fla. 498, 90 So. 455 (1922); Mackay v. Florida Power & Light Co., 524 So.2d 1068 (Fla. 4th DCA 1988); Goodman v. Olsen, 365 So.2d 393 (Fla. 3d DCA 1978); Dade County v. Oolite Rock Co., 311 So.2d 699 (Fla. 3d DCA 1975); Wright v. Dade County, 216 So.2d 494 (Fla. 3d DCA 1968), cert. denied, 396 U.S. 1008, 90 S.Ct. 565, 24 L.Ed.2d 500 (1970); § 55.03, Fla.Stat. (1979); § 73.061(2), Fla. Stat. (1979); § 73.131, Fla.Stat. (1979); Fla. R.Civ.P. 1.530 and Fla.R.App.P. 5.12 (revised 1977).
Therefore, for reasons above stated, the summary judgment under review be and the same is hereby affirmed.
Affirmed.

. The appellate court can take judicial notice of its own files. See Hillsborough County Board of County Commissioners v. Public Employees Relations Committee, 424 So.2d 132 (Fla. 1st DCA 1982) answers this question in the affirmative. See also Foxworth v. Wainwright, 167 So.2d 868 (Fla.1964); Irvin v. Chapman, 75 So.2d 591 (Fla.1954) and Collingsworth v. Mayo, 37 So.2d 696 (Fla.1948).