PER CURIAM.
This case reappears here following the Florida Supreme Court’s determination that Florida public policy prohibits an insured from being indemnified for a loss resulting from an intentional act of religious discrimination. Ranger Ins. Co. v. Bal Harbour Club, 549 So.2d 1005 (Fla.1989). On remand for further consistent proceedings, the trial court entered summary judgment in favor of Ranger Insurance Company finding that there is no insurance coverage under the policy of insurance issued by Ranger to Bal Harbour Club for the incident involved in these proceedings. We affirm.
At no time during the course of the litigation or in any of the appeals did the Club raise a genuine issue of material fact on the issue of intentional religious discrimination. Moreover, both this court and the Florida Supreme Court classified the con *1044 duct of the Club as intentional religious discrimination. Ranger Ins. Co. v. Bal Harbour Club, Inc., 549 So.2d 1005 (Fla.1989); Ranger Ins. Co. v. Bal Harbour Club, Inc., 509 So.2d 945 (Fla. 3d DCA 1987), quashed on other grounds, 549 So.2d 1005 (Fla.1989). Accordingly, we conclude that the trial court, on remand, properly entered summary judgment in favor of Ranger. See Sax Enters. Inc. v. David & Dash, 107 So.2d 612 (Fla.1958) (if particular holding is implicit in decision rendered by appellate court, then it is no longer open for discussion or consideration); Buckley v. City of Miami Beach, 559 So.2d 310 (Fla. 3d DCA 1990) (same); Goodman v. Olsen, 365 So.2d 393 (Fla. 3d DCA 1978) (same), cert. denied, 376 So.2d 74 (Fla.1979).
Affirmed.