791 So.2d 1135 (2001)
Cleveland PINNOCK and Hezekia Jonathan Patterson, on behalf of themselves, and all other persons similarly situated, Appellants,
v.
SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, Appellee.
No. 4D00-1960.
District Court of Appeal of Florida, Fourth District.
April 11, 2001.
Rehearing Denied June 1, 2001.
David L. Gorman of David L. Gorman, P.A., North Palm Beach, Gregory S. Schell of Florida Legal Services, Inc., Belle Glade, and Edward Tuddenham of Wiseman, *1136 Durst and Owen, and Sarah H. Cleveland, Austin, TX, for appellants.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., John McCracken and Margaret L. Cooper of Jones Foster Johnston & Stubbs, West Palm Beach, and Charles Kelso and Michael Towers of Fisher & Phillips, Atlanta, GA, for appellee.
DELL, J.
This case was first before this court as an interlocutory appeal from an order that determined liability in Pinnock's favor. That order was reversed in Sugar Cane Growers Cooperative of Florida, Inc. v. Pinnock, 735 So.2d 530 (Fla. 4th DCA 1999), rev. denied, 744 So.2d 456 (Fla.1999)("Pinnock I"). On remand, Pinnock, et al. filed a motion for summary judgment in which they argued that the ten day notice given by Sugar Cane Growers Inc. (the Co-Op) advancing the end of the season's termination was invalid because it was not approved by the appropriate government officials as required by the terms of the employment contract. The Co-Op moved for entry of a final judgment of dismissal arguing that the decision in Pinnock I established the law of the case in favor of the Co-Op. The trial court denied Pinnocks' motion for summary judgment and entered a final judgment for the Co-Op finding that this court's opinion in Pinnock I left no issues for further adjudication. We affirm.
In Pinnock I, Pinnock argued in the alternative that the trial court's ruling on liability should be affirmed because the Co-Op had failed to obtain the required "approval of the appropriate government officials" of its "ten day notice in writing `advancing' the end of the harvest season's termination date." As a result, Pinnock's argument in this appeal that this court did not consider the approval of the ten day notice by the appropriate government officials in Pinnock I is unpersuasive. Pinnock made the argument concerning the lack of "approval by the appropriate government officials" in the answer brief, at oral argument, and, after this court reversed the trial court's ruling in their favor, in the motion for rehearing.[1]
We also reject Pinnock's argument that this court lacked jurisdiction in Pinnock I to consider their argument concerning the "approval" issue because it "was not even considered by the trial judge." As stated above, Pinnock placed the question of approval before this court. Furthermore, we conclude from the briefs, the presentation at oral argument and express language in this court's opinion in Pinnock I that the approval question was necessarily involved and decided. See Rogers v. State ex rel. Bd. of Pub. Instruction, 156 Fla. 161, 23 So.2d 154 (1945); S/D Enters., Inc. v. Chase Manhattan Bank, 375 So.2d 1109 (Fla. 3d DCA 1979).
This court stated in Pinnock I:
... [T]o interpret the contract in a way favored by the workers would permit the illegal employment of foreign workers beyond the period of employment in the clearance order for domestic workers. Moreover, allowing the foreign workers to be paid through April 30, 1989, whether or not they were provided with work opportunity, when domestic workers had no such right, is to give preferential treatment to the foreign workers, which is illegal as a matter of law. See 20 C.F.R, § 655.102(a).

*1137 We have construed the contract in accordance with its terms. Our interpretation is based solely upon the language of the contract, the best evidence of the intent of the parties ... The contract is clear and unambiguous. It does not lack mutuality, and it is not illegal. Based upon the terms of the contract, the workers are entitled to pay through the time specified in the end of season termination notice and not through April 30, 1989.
Pinnock I, 735 So.2d at 533 (emphasis added).
Therefore, we agree with the trial court's conclusion that:
It does not matter that the Fourth District did not more explicitly address the Plaintiffs argument. The Fourth District was well aware of the "appropriate government official" issue as it had been thoroughly briefed. In holding that March 16 was the termination date of the contractand that payment through April 30 would be illegal-the Fourth District necessarily rejected Plaintiffs argument that the notice was defective, did not terminate the contract, and that work opportunity was required through April 30. Any issues necessarily involved in the decision are regarded as law of the case and there is a presumption that all facts bearing on the points decided have received due consideration, whether all or none are mentioned in the opinion.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
GUNTHER and SHAHOOD, JJ., concur.
NOTES
[1] Pinnock also filed a petition for writ of mandamus in the supreme court to compel this court to consider the issue of approval by an appropriate government official. The supreme court denied the petition. See Cleveland Pinnock v. Sugar Cane Growers Coop. of Fla., Inc., 744 So.2d 456 (Fla.1999) (table).