# Third District Court of Appeal

## State of Florida

Opinion filed January 5, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1913
Lower Tribunal Nos. F07-14878 & F07-13480

_____

**Kenneth Copeland,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Kenneth Copeland, in proper person.

Ashley Moody, Attorney General, for appellee.

Before LOGUE, LINDSEY, and HENDON, JJ.

PER CURIAM.

Kenneth Copeland appeals the denial of his successive Florida Rule of Criminal Procedure 3.800 motion to correct an illegal sentence.[1] We affirm.

Copeland asserts that his current fifteen-year sentence imposed after his probation was revoked is illegal because the trial court lacked jurisdiction to enter it nunc pro tunc to the date of Copeland's probation violation hearing. "To be illegal within the meaning of rule 3.800(a) the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." <u>Carter v. State</u>, 786 So. 2d 1173, 1178 (Fla. 2001). Conversely, "if it is possible under all the sentencing statutes-given a specific set of facts-to impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it." <u>Id.</u> Copeland's conviction for burglary with assault or battery is a felony punishable by life imprisonment. § 810.02(2)(a), Fla. Stat. (2007). Because the fifteen-year sentence imposed by the trial court was within the sentencing statutes, Copeland's sentence is not illegal.

---

[1] This is Copeland's eighth action before this Court seeking review of his sentence imposed after twice violating previous probation sentences.

As to Copeland's Fifth Amendment argument, the trial court's written order revoking his probation was entered nunc pro tunc to June 2, 2014.

> Nunc pro tunc means 'now for then' and when applied to the entry of a legal order or judgment it normally does not refer to a new or fresh (de novo) decision, as when a decision is made after the death of a party, but relates to a ruling or action actually previously made or done but concerning which for some reason the record thereof is defective or omitted. The later record making does not itself have a retroactive effect but it constitutes the later evidence of a prior effectual act.

Luhrs v. State, 394 So. 2d 137, 138–39 (Fla. 5th DCA 1981). The record reflects that while no written order of revocation was docketed, the trial court held a probation violation hearing, found that Copeland violated his probation, and sentenced him to the fifteen-year sentence he is currently serving.[2] This action revoked Copeland's probation and the trial court was correct to enter its November 2019 nunc pro tunc order. Copeland has, therefore, been serving only one sentence since June 2, 2014.

Affirmed.

---

[2] We take judicial notice of the records in Case No. 3D14-1464. See Buckley v. City of Miami Beach, 559 So. 2d 310, 313 n.1 (Fla. 3d DCA 1990) ("The appellate court can take judicial notice of its own files.").

3