684 So.2d 208 (1996)
FORTUNE INSURANCE COMPANY, Appellant,
v.
U.S.A. DIAGNOSTICS, INC., Appellee.
No. 96-0507.
District Court of Appeal of Florida, Fourth District.
November 13, 1996.
Rehearing Denied December 26, 1996.
Diane H. Tutt of Diane H. Tutt, P.A., Plantation, and Harold H. Catlin and Holly J. McCorkle of Saalfield Catlin & Coulson, P.A., Jacksonville, and Carlos Lidsky and Charles L. Vaccaro of The Law Offices of Carlos Lidsky, P.L., Hialeah, for appellant.
Scott D. Sheftall and Steven M. Brady of Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno, P.A., Miami, for appellee.
PER CURIAM.
We reverse an order denying Fortune Insurance Company's motion to compel arbitration in a lawsuit against it involving PIP claims.
*209 U.S.A. Diagnostics, Inc. (USA)[1] claims that Fortune failed to timely pay PIP claims, as mandated by section 627.736(4)(b), Florida Statutes, and seeks damages, including 10% penalty interest authorized by statute. The lawsuit also seeks treatment as a class action. Fortune asserts that both its insurance policy and section 627.736(5), Florida Statutes, require binding arbitration of claims involving medical benefits arising between insurer and provider where the provider has agreed to accept an assignment of personal injury protection benefits.
The Fortune Insurance policy provides:
Any claims dispute between us [Fortune Insurance Company] and a medical service or supplies provider who has agreed to accept an assignment of benefits shall be decided by arbitration....
Section 627.736(5), Florida Statutes, provides in pertinent part:
Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits.
The trial court determined that the arbitration sought is not governed by section 627.736(5), as the sole dispute is whether Fortune is required to pay a statutory penalty pursuant to section 627.736(4)(c), Florida Statutes, for failure to timely pay PIP benefits. The trial court also concluded that the arbitration provision in section 627.736(5) applies only where the insurance company believes that a health care provider has charged an unreasonable amount.
Arbitration is favored under Florida law, and courts indulge every reasonable presumption to uphold proceedings resulting in an award. Roe v. Amica Mutual Ins. Co., 533 So.2d 279 (Fla.1988). The trial court's role when considering motions to compel arbitration is limited to determining whether a valid written agreement exists, whether an arbitrable issue exists, and whether the right to arbitration was waived. Piercy v. School Board, 576 So.2d 806 (Fla. 1st DCA 1991).
Section 682.02, Florida Statutes, provides that when parties agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or include in a written contract a provision for settlement by arbitration of any controversy arising between them relating to the contract, that provision shall be "valid, enforceable and irrevocable without regard to the justiciable character of the controversy ..."
Here, the trial court focused on arbitrability under the statute rather than the language used in the Fortune Insurance Company contract, which is broader in scope than the statute. The policy provides for arbitration of "any claims dispute" regardless of whether it is one involving medical benefits. We, therefore, need not resolve any issue of statutory interpretation in this appeal, as the policy determines that the issue in question here is subject to arbitration. Roe v. Amica Mutual Insurance Co. Any doubts about the scope of arbitration should be resolved in favor of arbitration. Ronbeck Construction Co., Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992). See also Regency Group, Inc. v. McDaniels, 647 So.2d 192 (Fla. 1st DCA 1994); Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359 (Fla. 1st DCA 1989).
USA also argues that since Fortune paid the PIP payments to the claimant, there is no remaining "claims dispute" to arbitrate. However, although the insurance company paid PIP payments, there remains a dispute over a claim for late payment interest.
Therefore, we reverse the order denying arbitration, and remand for further proceedings.
DELL, STONE and FARMER, JJ., concur.
NOTES
[1] USA bases its claim on an assignment from a PIP policy holder.