696 So.2d 475 (1997)
ORION INSURANCE COMPANY, Appellant,
v.
MAGNETIC IMAGING SYSTEMS I, Appellee.
No. 96-1253.
District Court of Appeal of Florida, Third District.
July 2, 1997.
Buckner & Shifrin and Robin Buckner; Lauri Waldman Ross, Miami, for appellant.
Sheftall Alvarez & Torres and Scott D. Sheftall and Brian M. Torres, Miami; Zebersky Zebersky & Giulanti and Edward H. Zebersky, Plantation, for appellee.
Before LEVY, FLETCHER and SHEVIN, JJ.
*476 LEVY, Judge.
An insurance company appeals from an adverse ruling by the trial court on its motion to compel arbitration. For the reasons set forth below, we reverse.
Magnetic Imaging Systems I, LTD ("Magnetic") is a medical diagnostic service provider. Magnetic provides magnetic resonance imaging and other services to those injured in automobile accidents. By contractual agreement, Magnetic accepts an assignment of insurance benefits from its customers whereby Magnetic's customers authorize the direct payment of their insurance benefits to Magnetic. Consequently, Magnetic is paid primarily by insurance companies.
Orion Insurance Co. ("Orion") is a personal injury protection insurance carrier. The Florida Motor Vehicle No-Fault Law governs personal injury insurance contracts. The No-Fault Law requires that insurance policies for personal injury protection benefits include an arbitration provision. Every policy is required to provide for "binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits." § 627.736(5), Fla.Stat. (1995). Accordingly, the contract of insurance between Orion and its insured provides that in the event a medical services provider has agreed to accept an assignment of benefits from the insured, any dispute between Orion and the medical services provider shall be decided by arbitration.
Magnetic initiated a class action lawsuit against Orion on behalf of Orion's insureds. The complaint alleged that Orion paid claims late and Magnetic sought as damages the interest on the late payments at the rate of ten percent per year.[1] Orion moved to compel arbitration under the arbitration clause in the insurance policy. The trial court denied Orion's motion to compel arbitration. Orion now appeals that ruling.
This case presents two major issues. The first is whether the interest claim involved in this case is arbitrable. We hold that the interest claim is arbitrable, pursuant to the recent opinion of this court rendered in the case of U.S. Security Ins. Co. v. Magnetic Imaging Sys., 678 So.2d 872 (Fla. 3d DCA 1996)(holding that a statutory interest claim for late payment under section 627.736(4)(b)(c), Florida Statutes, is arbitrable to the same extent as any other portion of the claims dispute involving medical benefits).
The second issue is whether Magnetic is obligated to arbitrate the claim even though Magnetic has not signed any agreement with Orion that specifically provides for arbitration. We hold that Magnetic is required to submit to arbitration because it is compelled to do so by the controlling statute, as well as the policy of insurance of which it is a third party beneficiary.

I. The Statute
The controlling statute dictates that Magnetic must submit its dispute with Orion to arbitration. The Florida Motor Vehicle No-Fault Law states, in pertinent part:
Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply.
§ 627.736(5), Fla.Stat. (1995). It is clear that section 627.736(5) applies to Magnetic and Orion. As set forth above, Magnetic's suit for interest due to allegedly late payment of claims is a "claims dispute involving medical benefits." In addition, this claim arises between Orion, the "insurer," and Magnetic, a "person providing medical services." The scenario in this case is precisely what section 627.736(5), Florida Statutes (1995) anticipates. "[O]nce a medical provider receives *477 an assignment of benefits from an insured, disputed medical claims between the provider and the insurance company must be resolved by binding arbitration." State Farm Mut. Automobile Ins. Co. v. Gonnella, 677 So.2d 1355 (Fla. 5th DCA 1996).
Magnetic concedes in its brief that section 627.736(5) of the Florida Statutes requires that insurance policies for personal injury protection benefits include a provision for arbitration between the medical service provider and the insurance company, but Magnetic contends that the statute does not specifically require arbitration per se. We refuse to hold that the Legislature intended to require specific language in insurance policies which would have no effect or meaning. "The legislative intent is clear. Section 627.736(5) requires arbitration to resolve disputes involving medical benefits." State Farm v. Gonnella, 677 So.2d 1355, 1356 (Fla. 5th DCA 1996).
Arbitration is mandatory pursuant to section 627.736(5) even in the event that the insurance policy between the insured and the insurance company does not include an arbitration provision with regard to the medical provider. See U.S. Security Ins. Co. v. Magnetic Imaging Sys., 678 So.2d 872, 873 (Fla. 3d DCA 1996)("We find, however, that this arbitration provision should be read into the policy so that it complies with applicable Florida Law.") (citations omitted).[2] Although arbitration can be waived, or be deemed to have been waived, depending on the facts of a particular case, nothing contained within the record herein suggests such a waiver.
Magnetic attempts to escape the dictates of section 627.736(5) by challenging the constitutionality of that statute. We find no merit in Magnetic's constitutional arguments for three reasons. First, Magnetic has not served the Attorney General with a copy of its complaint as required by the Florida Statutes. See § 86.091, Fla.Stat. (1995); Buckley v. City of Miami Beach, 559 So.2d 310, 312 (Fla. 3d DCA 1990)("At the outset, the Court notes that if Buckley seeks to declare the statute facially invalid, her pleadings are deficient as she has failed to join the Attorney General or give notice to his office in the manner required by law.").
Second, the No-Fault statutes do not affect Magnetic's access to courts and cannot therefore be challenged on the grounds that they deny access to courts. This is so because the statutory arbitration provisions do not come into play until a medical service provider voluntarily accepts an assignment of benefits and attempts to assert claims under the insurance policy and the No-Fault statutes. The statute in question does not force medical service providers to accept an assignment of benefits and the No-Fault scheme may be avoided by refusing to do so.
Third, the statutory No-Fault regime provides medical service providers like Magnetic with the ability to collect via assignment statutorily mandated PIP insurance benefits. In this view, Section 627.736(5) creates new rights and may not be challenged as taking away any existing rights which predate the state constitution. See Chrysler Corp. v. Pitsirelos, 689 So.2d 1132 (Fla. 4th DCA 1997). In short, the statute validly and clearly compels arbitration in this case.

II. The Policy
A second, independent reason for the parties to submit to arbitration is the language of the insurance policy. Because Magnetic is a third party beneficiary of the policy *478 between Orion and its insured, Magnetic is bound by the arbitration provision in that policy. The policy states:
Any claim dispute involving medical benefits under this section of the policy [Personal Injury Protection] between us and a medical services or supplies provider (hereinafter referred to as health care provider) who has agreed to accept an assignment of personal injury protection benefits shall be decided by arbitration upon written request of either party.
While the policy is between Orion and its insured, Magnetic is a third-party beneficiary of that contract. Medical service providers like Magnetic have been recognized as third party beneficiaries of insurance contracts. See generally Pasteur Health Plan, Inc. v. Salazar, 658 So.2d 543 (Fla. 3d DCA 1995)(procedure includes suit by hospital against health plan as assignee or alternatively as third party beneficiary); United States v. Automobile Club Insur. Co., 522 F.2d 1 (5th Cir.1975)(holding that United States Government through Veterans Administration hospital was a third party beneficiary to an automobile insurance contract between the insurance company and an air force veteran); Vencor Hospitals South, Inc. v. Blue Cross and Blue Shield of Rhode Island, 929 F.Supp. 420 (S.D.Fla.1996)(finding that hospital is a third party beneficiary under health insurance policy).
Arbitration clauses in contracts are binding on third party beneficiaries. See Terminix Int'l Co., LP v. Ponzio, 693 So.2d 104, 109 (Fla. 1st DCA 1997)("As third party beneficiaries, these additional plaintiffs are bound by the arbitration provision."); Zac Smith & Co. v. Moonspinner Condominium Assoc., 472 So.2d 1324 (Fla. 1st DCA 1985)(holding that third party beneficiary condominium association was bound to the arbitration provision in the underlying construction contract between two corporations, and that Florida's arbitration statutes apply to third-party beneficiaries).
As a third party beneficiary, Magnetic is bound by the arbitration provision in the insurance policy. The policy specifically anticipates the arbitration of disputes between it and a "health care provider." Accordingly, Orion and Magnetic must submit to arbitration, despite the absence of a written agreement between them. See Scobee Combs Funeral Home, Inc. v. E.F. Hutton & Co., 711 F.Supp. 605 (S.D.Fla.1989)(holding, despite the absence of a written agreement between the parties, that a securities broker and customer were bound by an arbitration provision in the National Association of Securities Dealers manual which required arbitration between "customers" and "members" because the customer was a third party beneficiary of the manual).
Consequently, not only must Magnetic submit to arbitration in accordance with the controlling statute, it must do so according to the terms of the insurance policy and its status as a third party beneficiary thereunder.
We reverse the order entered below, and direct the trial court to grant the appellant's motion to compel arbitration.
NOTES
[1] The Florida Vehicle No-Fault Law also requires that automobile insurance carriers pay personal injury protection claims within thirty days of the date that the carrier is notified of the covered loss. § 627.736(4)(b), Fla.Stat. (1995). If the claim is overdue, the overdue amount bears interest at the rate of ten percent per year. § 627.736(4)(c), Fla.Stat. (1995).
[2] Magnetic asserts that it is not required to submit to arbitration because there is no valid written agreement to arbitrate between it and Orion. In support thereof, Magnetic argues that U.S. Security v. Magnetic does not control the instant case because the specific issue of the absence of a written agreement was not addressed in that case. This contention is suspect for two reasons. First, the presence or absence of a written agreement between Magnetic and U.S. Security was of no import in the result reached in the U.S. Security opinion. The U.S. Security v. Magnetic court remanded that case for arbitration because it read the statutory arbitration language into the insurance policy. It was the insurance policy, with the new statutory arbitration provision read into the policy by the court, that made arbitration imperative. Second, Magnetic raised the issue of the absence of a valid written agreement to arbitrate in its motion for rehearing in U.S. Security v. Magnetic. That motion was denied by this court.