708 So.2d 314 (1998)
OMNI INSURANCE COMPANY, Appellant,
v.
SPECIAL CARE CLINIC, INC., Appellee.
No. 97-04131.
District Court of Appeal of Florida, Second District.
March 13, 1998.
B. Richard Young and Michael T. Bill of Young & Associates, P.A., Pensacola, for Petitioner.
Mark T. Tischhauser, Tampa, for Respondent.
PER CURIAM.
Omni Insurance Company petitions this court for certiorari review of an order of the circuit court acting in its appellate capacity which affirmed the order of the county court denying Omni's motion to dismiss the complaint filed by Special Care Clinic, Inc. The circuit court concluded that section 627.736(5), Florida Statutes (1995), is ambiguous as to whether a health care provider is mandated to resolve through arbitration a dispute between itself and the insurance carrier over the payment of assigned personal injury medical benefits. Because we conclude that the circuit court's order violates an established principle of law resulting in a miscarriage of justice,[1] we issue the writ, quash the circuit court's order, and remand with direction to the circuit court to reverse the county court's order denying Omni's motion to dismiss.
Omni is the personal injury protection provider for Calvin Reed who was allegedly injured in an automobile accident. Special Care treated Reed for the injuries he received in the accident and accepted an assignment from him of his PIP benefits. Omni complied with section 627.736(5) by including an arbitration clause in the policy it issued to Reed. Section 627.736(5) provides that:
Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person had agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply. The prevailing party shall be entitled to attorney's fees and costs.
A dispute arose between Special Care and Omni regarding claims submitted by Special Care for Reed's treatment, and Special Care filed a complaint for damages in county court. Omni moved to dismiss on the grounds that section 627.736(5) mandates that all disputes involving payment for assigned PIP medical benefits be determined by binding arbitration. The county court *315 denied the motion to dismiss based on Advanced Orthopedic Institute v. Bankers Insurance Co., 3 Fla. Weekly Supp. 673 (13th Jud. Cir.1995), an opinion of the circuit court acting in its appellate capacity which held that section 627.736(5) is ambiguous as to "whether the `binding arbitration' to be provided in policies was intended by the Legislature to be voluntary or mandatory binding arbitration," thereby rendering unenforceable the arbitration provision in that particular policy.
Omni appealed to the circuit court pursuant to Florida Rule of Appellate Procedure 9.130(3)(C)(v) which allows the review of nonfinal orders determining the entitlement of a party to arbitration. The circuit court issued an opinion affirming the order of the county court relying upon Advanced Orthopedic. It recognized, however, that Advanced Orthopedic was in conflict with the Third District in Orion Insurance Co. v. Magnetic Imaging Systems I, 696 So.2d 475 (Fla. 3d DCA 1997).
We note that the circuit court, when acting in its appellate capacity, must follow the precedent of another district court of appeal where that court has decided the legal issue facing the circuit court and its own district court of appeal has not yet ruled on the issue. See Allstate Insurance Co. v. Mazorra, 599 So.2d 739 (Fla. 3d DCA 1992). In Magnetic, the appellee contended that section 627.736(5) does not require "arbitration per se." The Third District disagreed, holding that, "[a]rbitration is mandatory pursuant to section 627.736(5) even in the event that the insurance policy between the insured and the insurance company does not include an arbitration provision with regard to the medical provider." Magnetic, 696 So.2d at 477 (citations omitted). We agree with the conclusion reached by the Third District in Magnetic, as did the Fourth District in Southeast Diagnostic Services v. State Farm Mutual Automobile Insurance Company, 697 So.2d 988 (Fla. 4th DCA 1997).
In affirming the order of the county court, the circuit court departed from the essential requirements of law by failing to apply Magnetic. This failure of the circuit court to follow an established principle of law causes a material injustice; it would force Omni to litigate in court when it is clearly entitled to binding arbitration. We, therefore, quash the order of the circuit court and remand with instructions to the circuit court to reverse the order of the county court denying Omni's motion to dismiss.
Certiorari granted.
DANAHY, A.C.J., and FRANK and NORTHCUTT, JJ., concur.
NOTES
[1] See Haines City Community Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995).