POLEN, J.
In this timely petition for writ of certio-rari, petitioner challenges an order which denied its motion to stay arbitration proceedings. This case began after respondent USA Diagnostics, Inc. sought damages in Broward County Circuit Court for unpaid interest as an assignee of one of petitioner’s insureds. It also sought class action status for the claim. Thereafter, petitioner filed a motion to compel arbitration of the respondent’s claim pursuant to section 627.736, Florida Statutes (1993), and the insured’s underlying policy. The trial court first denied the petitioner’s motion, but later compelled arbitration pursuant to this court’s mandate in Fortune Insurance Co. v. U.S.A. Diagnostics, Inc., 684 So.2d 208 (Fla. 4th DCA 1996).
During arbitration, the panel determined that it could decide whether the claim was suitable for class action status. Petitioner then moved in circuit court for a protective order from discovery in arbitration, to stay arbitration, and for a determination of the jurisdiction of the arbitrators. The circuit court granted the motion for the protective order as to discovery but denied the motion to stay the arbitration and determine the jurisdiction of the arbitrators. It held the jurisdiction issue was premature. The arbitration panel proceeded to conduct a final hearing in which *1280 it would consider whether the class should be certified, and determine the liability of petitioner to and potential damages of this uncertified class.
Petitioner then moved to stay the proceedings with the panel, maintaining that the Dade County Circuit Court had entered an order certifying a class in an identical action against petitioner in Rosales v. Fortune Insurance Co., Case No. 98-4588 CA 41. Petitioner claimed that the Rosales case encompasses the class that respondent seeks to have the arbitration panel certify. The panel denied the petitioner’s request for stay and continued with the arbitration hearing. Petitioner then filed a motion in the circuit court to stay the panel from proceeding on the class action allegations, but the court denied the motion. This latter order is the subject of the instant petition for writ of certiorari.
Petitioner, citing to Hoechst Celanese Corp. v. Fry, 693 So.2d 1003 (Fla. 3d DCA), review denied, 700 So.2d 685 (Fla.1997), argues that the Dade County Circuit Court in the Rosales action has exclusive jurisdiction over the class action by virtue of being the “first to certify.” However, petitioner neglects to mention that the arbitration proceedings which were before the Broward Circuit Court in this case have not resulted in a certified class action to date. In fact, they may never be. Rather, until the panel decides whether to certify the proposed class action before it, petitioner’s argument has no bearing. Accordingly, we hold that it has failed to demonstrate that the circuit court departed from the essential requirements of law in this case and, as such, deny the petition. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
DENIED.
STEVENSON and SHAHOOD, JJ., concur.