PER CURIAM.
Petitioner Progressive Express Insurance Company (“Progressive”) and cross-petitioner MTM Diagnostics, Inc. d/b/a Florida Pain Control & Treatment Center (“MTM”) seek certiorari review of a circuit court order affirming, in part, and reversing, in part, a county court order. We have jurisdiction. Cf. Fieselman v. State, 566 So.2d 768, 770 (Fla.1990) (holding district court has certiorari jurisdiction to review circuit court reversal of county court order of dismissal). Based on the supreme court’s recent decision in Nationwide Mutual Insurance Co. v. Pinnacle Medical, Inc., 758 So.2d 55 (Fla.2000), we deny Progressive’s petition and grant MTM’s cross-petition.
The county court granted Progressive’s motion to dismiss an amended complaint filed against it by MTM, and ordered the parties to arbitration pursuant to section 627.736(5), Florida Statutes (1997). Section 627.736(5) provides:
Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply. The prevailing party shall be entitled to attorney’s fees and costs.
The county court reserved jurisdiction to enforce the arbitration award and to award prevailing party attorney’s fees under section 627.736(5).
Relying, in part, on this court’s decision in Omni Insurance Co. v. Special Care Clinic, Inc., 708 So.2d 314 (Fla. 2d DCA 1998), the circuit court affirmed the county court’s dismissal, finding the mandatory arbitration provision to be constitutional. The circuit court, however, reversed the county court’s retention of jurisdiction to award prevailing party attorney’s fees, finding that portion of the statute to be unconstitutional based on the Fifth District’s decision in Delta Casualty Co. v. Pinnacle Medical, Inc., 721 So.2d 321 (Fla. 5th DCA 1998).
In Delta, the Fifth District held that section 627.736(5) was unconstitutional because it substituted the prevailing party test of attorney’s fees for medical providers in place of the benefits of section 627.428(1), Florida Statutes (1997), enjoyed by insureds in litigation against their insurers. See id. at 326. Under section 627.428(1), upon rendition of a judgment against an insurer and in favor of an insured, the court is required to adjudge against the insurer a reasonable sum as fees for the insured’s attorney prosecuting the suit in which the recovery was had. See id. There is no provision under section 627.428(1) for awarding fees to an insurer in the event the insurer prevails in an action brought by the insured. The Delta court noted that the purpose of section 627.428(1) was to discourage insurance companies from contesting valid claims. See id. The Delta court concluded that section 627.736(5) arbitrarily discriminated against medical providers since that statute allows an insurer who prevails in an action brought by a medical provider to recover fees.[1] See id.
In Nationwide Mutual Insurance Co., which was decided after the circuit court *152 rendered' its decision in this case, the supreme court affirmed the Fifth District’s decision in Delta. See 753 So.2d at 55. The supreme court declared both the mandatory arbitration provision and the prevailing party attorney’s fees provision in section 627.736(5) to be unconstitutional. The supreme court concluded that the mandatory arbitration provision violated the right of medical providers to access to courts provided under article I, section 21, of the Florida Constitution. See id. It further concluded that the attorney’s fees provision violated the due process rights of medical providers in violation of article I, section 9, of the Florida Constitution. See id. at 56.
Progressive’s petition to this court is predicated solely on the argument that the circuit court departed from the essential requirements of law in finding the prevailing party’s attorney’s fee provision in section 627.736(5) to be unconstitutional. The circuit court relied on Delta, which the supreme court affirmed in Nationwide Mutual Insurance Co. There was no departure from the essential requirements of law. We accordingly deny Progressive’s petition.
MTM’s cross-petition asserts that the circuit court departed from the essential requirements of law in determining the mandatory arbitration provision to be constitutional. Although we cannot say that the circuit court applied the incorrect law, as it existed at the time the circuit court rendered its decision, see Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995), it is clearly erroneous under the supreme court’s decision in Nationwide Mutual Insurance Co. As a result, we find that, under the circumstances of this case, the circuit court’s determination that the mandatory arbitration provision is constitutional constitutes a departure from the essential requirements of law and results in a miscarriage of justice.
We accordingly grant MTM’s cross-petition and quash the circuit court’s decision on this issue only. On remand, the circuit court should enter an order reversing the county court’s dismissal of MTM’s amended complaint against Progressive to the extent the dismissal was predicated upon the existence of the mandatory arbitration requirement contained in section 627.736(5).
Petition denied; cross-petition granted; circuit court order quashed in part.
CAMPBELL, A.C.J., and FULMER, and STRINGER, JJ., Concur.

. The court in Delta Casualty Co. v. Pinnacle Medical, Inc., 721 So.2d 321, 325 (Fla. 5th DCA 1998), further held that the mandatory arbitration clause in section 627.736(5), Florida Statutes (1997), was unconstitutional for violating the due process rights guaranteed to medical providers under article I, section 9, of the Florida Constitution. The Delta court concluded that the statute, in requiring medical providers to arbitrate disputes concerning an assigned claim while allowing insureds to sue insurers in court, granted or denied access to courts arbitrarily on the basis of who owned the claim. See id. at 325-26.