POLEN, J.
This is a petition for writ of certiorari in which Union American Insurance Company (“Union American”) seeks review of a final circuit court appellate decision that affirmed the county court’s order denying petitioner’s request for arbitration.[1] Union American argues the county court is being authorized by the circuit court appellate division to decline arbitration to a category of disputes that this court has held are arbitrable. For the reasons expressed below, we deny certiorari.
Union American is the insurer of Nathaniel Stephens. The insurance contract required arbitration of any claims dispute involving medical benefits. USA Diagnostics, a medical provider, entered into an assignment of benefits with Stephens. USA then sued Union American for payment (PIP suit).
Union American moved to compel arbitration. The county court denied the motion upon agreeing with a fifth district decision holding that it is a denial of due process to require the medical provider who takes assignment of a patient’s PIP claim to arbitrate any benefits dispute. Delta Cas. Co. v. Pinnacle Med., Inc., 721 So.2d 321 (Fla. 5th DCA 1998)(e% banc ), rev. granted sub nom, Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc., 732 So.2d 328 (Fla.1999), and aff'd 753 So.2d 55 (Fla.2000). The county court concluded that this district’s precedent had not addressed the constitutionality of the applicable statute. The circuit court in its appellate capacity, relying on Delta, concluded that while the mandatory provision of section 627.736(5)(c), Florida Statutes, does not deny medical providers access to the court, same violates the due process and equal protection rights of medical providers.
Under Florida’s Motor Vehicle No-Fault Law, motorists provide their own PIP insurance for medical payments and lost wages up to a statutorily mandated *228 amount. Section 627.736(5) requires that any charges for medical services provided to a person covered by PIP be reasonable and allows for an insurer to pay benefits directly to those providing the services. The portion of section 627.736(5) declared unconstitutional by the county and circuit court states:
(5) ... Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits....
Previously, this court, and the first, second, and third districts had determined that arbitration is mandatory as to medical service providers under section 627.736(5) even in the event that the insurance policy between the insured and the insurance company does not include an arbitration provision with regard to the medical provider. Omni Ins. Co. v. Special Care Clinic, Inc., 708 So.2d 314, 315 (Fla. 2d DCA 1998)(quoting Orion Ins. Co. v. Magnetic Imaging Sys. I, 696 So.2d 475, 477 (Fla. 3d DCA 1997), and citing Southeast Diagnostic Servs. v. State Farm Mut. Auto. Ins. Co., 697 So.2d 988 (Fla. 4th DCA 1997)); Fortune Ins. Co. v. USA Diagnostics, Inc., 684 So.2d 208 (Fla. 4th DCA 1996). The rationale behind reading this statute into such contracts is that medical service providers have been recognized as “third party beneficiaries of insurance contracts.” Orion, 696 So.2d at 478.
The fifth district reached a different result on similar facts. In Delta Casualty Co. v. Pinnacle Medical, Inc., 721 So.2d 321 (Fla. 5th DCA 1998)(en banc), the fifth district decided that section 627.736(5)(c) was unconstitutional. In reaching this decision, the court held that the statute, in requiring medical providers to arbitrate disputes concerning an assigned claim while allowing insureds to sue insurers in court, granted or denied access to courts arbitrarily on the basis of who owned the claim. Id. at 325-26.
Our standard of review for a' petition for writ of certiorari from a decision of the circuit court sitting in- its appellate capacity is whether the court denied the petitioner procedural due process and whether the court departed from the essential requirements of law so as to cause a miscarriage of justice. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). Since the time the parties briefed these issues, the supreme court affirmed the fifth district’s holding in Delta. Specifically, the court held that the mandatory arbitration provision of section 627.736(5) violates the right of medical providers to access to courts provided under article I, section 21 of the Florida Constitution. Noting that subsection 627.736(5) does not provide for a trial de novo in the circuit court, the court explained that “[t]he limited review and the conclusiveness attached to the arbitration award without the right of a trial de novo diminishes the right to have the ultimate decision in a case made by a court.” Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So.2d 55, 58 (Fla.2000).
As Pinnacle Medical is decisive of the instant issue, we deny certiorari. To the extent it conflicts with the court’s holding in Pinnacle Medical, we note that our decision in Fortune, supra, has been overruled.
STONE and SHAHOOD, JJ„ concur.

. As we have noted in other cases, the appeal was decided by a one-judge panel.