788 So.2d 1031 (2001)
AUTO OWNERS INSURANCE COMPANY, Petitioner,
v.
John MARZULLI, Respondent.
No. 2D00-864.
District Court of Appeal of Florida, Second District.
March 14, 2001.
Rex E. Delcamp and Cate MacGlashan of DelCamp & Siegel, St. Petersburg, for Petitioner.
*1032 Arthur Liebling, Clearwater, for Respondent.
PER CURIAM.
Petitioner, Auto Owners Insurance Company (Auto Owners), seeks certiorari review of the circuit court's opinion, rendered while sitting in its appellate capacity, that reverses the county court's final judgment entered in its favor after a jury trial. The circuit court's opinion, issued by a single judge and not by a three-judge panel, remanded the matter for entry of partial summary judgment in favor of respondent, John Marzulli, on the issue of entitlement to benefits under a personal injury protection (PIP) policy. The circuit court also entered an order granting Mr. Marzulli's motion for attorney's fees. We conclude that the circuit court applied the incorrect law in reversing the county court's final judgment. Moreover, the circuit court disobeyed clearly established principles of law when it issued a written opinion directly and expressly conflicting with dispositive precedent from the Fourth District. See Omni Ins. Co. v. Special Care Clinic, 708 So.2d 314 (Fla. 2d DCA 1998) (holding that circuit court, sitting in its appellate capacity, must follow ruling of any unconflicted extra-jurisdiction district court of appeal opinion on point). We accordingly grant the petition for writ of certiorari. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
Mr. Marzulli was involved in an automobile accident in June 1995. He was insured at that time pursuant to no-fault coverage he had purchased from Auto Owners. Mr. Marzulli sought chiropractic treatment after the accident at Fleming Chiropractic Clinic. Auto Owners paid PIP benefits for sixty-three separate dates of chiropractic treatment.
In November 1995, Auto Owners requested that Mr. Marzulli attend an independent medical examination by Dr. D.J. Jeserski, a chiropractic physician. After this examination took place, Dr. Jeserski submitted a report which concluded that Mr. Marzulli had reached maximum medical improvement and that further chiropractic treatment was not medically necessary and would likely "aggravate injuries and perpetuate continued symptoms." On December 8, 1995, Auto Owners sent a copy of Dr. Jeserski's report to Mr. Marzulli with a letter stating that it would no longer accept bills for chiropractic treatment after December 20, 1995. Mr. Marzulli continued to undergo chiropractic treatment with Dr. Fleming and submitted bills for treatment after December 28, 1995, which Auto Owners declined to pay.
In June 1996, Mr. Marzulli brought suit in county court claiming that Auto Owners had breached the insurance contract by failing to pay covered PIP claims for thirty-seven separate dates of chiropractic treatment after December 28, 1995. In June 1997, Mr. Marzulli moved for partial summary judgment as to liability. He argued that section 627.736(7)(a), Florida Statutes (1997), provided a procedure whereby an insurer may, under certain circumstances, withdraw payment for medical care that has been rendered. Mr. Marzulli argued, however, that the statute included no provision which allowed for termination of future benefits.
Section 627.736(7)(a) is entitled "Mental and Physical Examination of Injured Person; Reports" and provides, in part:
Whenever the mental or physical condition of an injured person covered by personal injury protection is material to any claim that has been or may be made for past or future personal injury protection insurance benefits, such person shall, upon the request of an insurer, *1033 submit to mental or physical examination by a physician or physicians.... An insurer may not withdraw payment of a treating physician without the consent of the injured person covered by the personal injury protection benefits, unless the insurer first obtains a report by a physician licensed under the same chapter as the treating physician whose treatment authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary.
The county court denied the motion for summary judgment and a two-day jury trial was held. The jury returned a verdict for Auto Owners, finding that the chiropractic treatment rendered to Mr. Marzulli after December 28, 1995, was not reasonable, necessary, or related to the accident. The county court entered final judgment in favor of Auto Owners.
Mr. Marzulli appealed to the circuit court. The circuit court reversed the final judgment and remanded the matter. It held that the county court erred in denying Mr. Marzulli's motion for partial summary judgment as to liability because section 627.736(7)(a) applied only to past medical treatment and could not be used to withdraw authorization for future treatment.
The circuit court found the language of the statute to be clear. According to the circuit court, the language referred only to past treatment, not to treatment that might be sought later. The circuit court acknowledged that use of a report helps an insurer evaluate the reasonableness or necessity of treatment presently authorized. However, the circuit court stated that a report addressing future treatment would not accomplish the purpose of the report requirement. If the insurer were allowed to terminate future medical care on the basis of a report, the circuit court implied that the insured would have no way of seeking medical treatment resulting from future, perhaps vastly changed circumstances. The circuit court subsequently entered an order granting Mr. Marzulli's motion for attorney's fees.
In reaching its conclusion, the circuit court made no mention of the Fourth District's decision in Derius v. Allstate Indemnity Co., 723 So.2d 271 (Fla. 4th DCA 1998). In Derius, the county court certified to the Fourth District the following question:[1]
TO RECOVER MEDICAL BENEFITS IN A LAWSUIT UNDER SECTION 627.736, FLORIDA STATUTES (SUPP. 1994), MUST THE PLAINTIFF PROVE THE GREATER WEIGHT OF THE EVIDENCE THAT THE EXPENSES SOUGHT ARE BOTH REASONABLE AND FOR NECESSARY MEDICAL SERVICES?
723 So.2d at 271.
The Fourth District answered the question in the affirmative. In Derius, appellant was a passenger in a car driven by her husband, which was rear-ended. Appellant's chiropractor diagnosed a soft tissue injury in her neck and began treating her on March 2, 1994. Allstate, appellant's no-fault insurer, initially paid for the chiropractic treatments. After three months, Allstate hired another chiropractor to perform a physical examination on appellant. *1034 After the examination, the doctor reported his conclusions to Allstate as follows:
[B]ased on my examination today, I am unable to establish the presence of any significant clinical entity which would require continued chiropractic care.... Due to the lack of any clinical support for her subjective complaints, as well as the existence of the functional overlay and the reported lack of subjective progress, I am not recommending your consideration of any additional chiropractic care.
723 So.2d at 272.
As a result of this recommendation, Allstate notified appellant that it would not pay for any chiropractic treatment after June 7, 1994. Appellant continued to receive treatment from her chiropractor until September 1994. She then sued under the no-fault statute seeking, among other things, to recover for her chiropractic treatments given after June 7, 1994. The trial court framed the issue for the jury as "whether any of the chiropractic treatment after June 7, 1994 was necessary and, if so, the total reasonable charges for said chiropractic care." Id. at 272. The jury returned a verdict for Allstate upon which judgment was entered.
The Fourth District affirmed. Id. It held that under section 627.736(1)(a), Florida Statutes (Supp.1994),[2] an insurer is not liable for any medical expense to the extent that it is not a reasonable charge for a particular service or if the service is not necessary. Id. In a lawsuit seeking benefits under the statute, both reasonableness and necessity are essential elements of a plaintiff's case. Id. The Fourth District held "[t]here is nothing in the PIP statute suggesting a legislative intent to alter the normal dynamics of a lawsuit by placing the burden on the defendant in a PIP case to prove that a proposed charge was unreasonable or that a given service was not necessary." Id. The court then concluded that "Allstate's reliance on the IME chiropractor's letter to withdraw payment to [appellant's] chiropractor was in compliance with the requirements of section 627.736(7)(a)." Id. at 275.
We conclude that the Fourth District's holding in Derius is dispositive as applied to the facts of this case. Like the insurer did in Derius, Auto Owners terminated authorization of further, on-going treatments by Mr. Marzulli's chiropractor based on a report from another chiropractor stating that further treatment was not medically necessary and would likely "aggravate injuries and perpetuate continued symptoms." Auto Owners' reliance on this report to withdraw payment to Dr. Fleming was in compliance with the requirements of section 627.736(7)(a). The circuit court in this case was required to follow Derius. See Omni Ins. Co., 708 So.2d 314 (holding that circuit court, sitting in its appellate capacity, must follow ruling of any unconflicted extra-jurisdiction district court of appeal opinion on point). Its failure to do so resulted in an application of the incorrect law.
We accordingly grant the petition for writ of certiorari. We quash the circuit court's opinion and remand this case to the circuit court for consideration of the other issues raised by Mr. Marzulli on appeal.[3] *1035 We also quash the circuit court's order awarding appellate attorney's fees to Mr. Marzulli.
BLUE, A.C.J., and WHATLEY and GREEN, JJ., concur.
NOTES
[1] The county court also certified to the Fourth District the question of "IN AN ACTION FOR PIP BENEFITS, WHERE A TRIAL COURT CHARGES THE JURY USING THE LANGUAGE OF SECTION 627.736(7)(a), MUST THE COURT FURTHER DEFINE THE TERM `NECESSARY' AS USED IN THE STATUTE?" Derius v. Allstate Indem. Co., 723 So.2d 271, 271 (Fla. 4th DCA 1998). This second question is not dispositive of the issue raised in this certiorari proceeding.
[2] Section 627.736(1)(a), Florida Statutes (Supp.1994), provides, in part, that PIP benefits include "[e]ighty percent of all reasonable expenses for necessary medical ... services."
[3] The circuit court declined to address the other issues raised by Mr. Marzulli on appeal concluding that its decision on the issue under review rendered the additional issues moot. We decline Mr. Marzulli's invitation to decide those issues for the first time in this certiorari proceeding.